**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

CENTERLINE HOMES CONSTRUCTION,     CASE NO.:
INC., COMPLETED COMMUNITIES II,
LLC, CENTERLINE HOMES AT
GEORGETOWN, LLC, CENTERLINE
HOMES, INC.,

          **Plaintiffs,**

v.

MID-CONTINENT CASUALTY COMPANY,
THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA, INTERSTATE
FIRE & CASUALTY COMPANY,
AMERISURE INSURANCE COMPANY,

          **Defendants.**
_____/

## COMPLAINT

Plaintiffs, Centerline Homes Construction, Inc., Completed Communities II, LLC, Centerline Homes at Georgetown, LLC, and Centerline Homes, Inc. (collectively "the Centerline entities"), bring this action against Defendants, Mid-Continent Casualty Company and The Insurance Company of the State of Pennsylvania ("the Insurance Companies") as well as Interstate Fire & Casualty Company, Mid-Continent Casualty Company, and Amerisure Insurance Company ("the Subcontractor Insurance Companies"). The Centerline entities seek a declaratory judgment that the Insurance Company and Subcontractor Insurance Companies are obligated to defend and indemnify the Centerline entities for losses arising from claims and suits against the Centerline entities for the development of single family and multi-family residences allegedly containing defective Chinese manufactured drywall.

## PARTIES

1.      Plaintiffs are citizens of the state of Florida.

2.      Plaintiff Completed Communities II, LLC ("Completed Communities") is the successor entity by merger of the following Florida entities: Centerline Homes at B&A, LLC, Centerline Homes at Tradition, LLC, and Centerline Port St. Lucie, Ltd.

3.      Defendant Mid-Continent Casualty Company ("Mid-Continent") is an Oklahoma corporation with its principal place of business in Oklahoma.  Mid-Continent is authorized to conduct business in the state of Louisiana and has issued insurance policies in the state of Louisiana, including to individuals and entities located in the eastern district of Louisiana.

4.      Defendant The Insurance Company of the State of Pennsylvania ("ISOP") is a Pennsylvania corporation with its principal place of business in New York.  ISOP is authorized to conduct business in the state of Louisiana and has issued insurance policies in the state of Louisiana, including to individuals and entities located in the eastern district of Louisiana.

5.      Defendant Interstate Fire & Casualty Company ("Interstate Fire") is an Illinois corporation with its principal place of business in Illinois.  Interstate Fire is authorized to conduct business in the state of Louisiana and has issued insurance policies in the state of Louisiana, including to individuals and entities located in the eastern district of Louisiana.

6.      Defendant Amerisure Insurance Company ("Amerisure") is a Michigan corporation with its principal place of business in Michigan.  Amerisure is authorized to conduct business in the state of Louisiana and has issued insurance policies in the state of Louisiana, including to individuals and entities located in the eastern district of Louisiana.

**JURISDICTION AND VENUE**

7.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs, and the parties are citizens of different states.

8.     Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(a)(3) because the Defendants are subject to personal jurisdiction in this judicial district. The Defendants are authorized to sell insurance in Louisiana and routinely sell insurance in Louisiana.  Venue is otherwise appropriate in this district consistent with 28 U.S.C. § 1407 and the June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation. See In re Chinese-Manufactured Drywall Products Liability Litigation, 626 F. Supp. 2d 1346 (J.P.M.L. 2009).

**GENERAL FACTS**

9.      One or more of the Centerline entities were and/or are involved in building homes and residential communities in Florida.

10.     The projects include single-family homes and multi-family homes, such as townhomes and condominiums.

11.      This action arises from alleged property damage and/or bodily injury allegedly occurring as a result of the use of Chinese drywall in homes that one or more of the Centerline entities sold to homeowners ("homeowners" or "claimants") in Broward, Palm Beach and Saint Lucie County, Florida.

12.     The homeowners closed on these homes primarily between May 2005 and May 2007.

13. The claimants allege damages that include, but are not limited to: increased rates of corrosion of soft metal materials throughout the houses (such as air conditioning coils, refrigerator tubing, electrical wires, and television connections); tarnishing of silver and other metal within the homes; damage to their personal property within their homes; damages resulting from the need to restore, repair, and replace the damage and sources of the damage; and bodily injury.

Insurance Policies

14. The insurance policies that cover the losses arising from the claims consist of liability insurance polices sold to one or more of the Centerline entities and drywall subcontractor policies under which these entities are a named or additional insured.

15. Mid-Continent issued the Centerline entities the following commercial umbrella liability policies:

a. 04-GL-000568052, policy period 9/8/04 - 9/8/05 (multi-family)

b. 04-GL-000572650, policy period 9/8/04 - 9/8/05 (single-family)

c. 04-GL-000603021, policy period 9/8/05 - 9/8/06 (multi-family)

d. 04-GL-000603065, policy period 9/8/05 - 9/8/06 (single-family)

e. 04-GL-000645709, policy period 9/8/06 - 9/8/07

16. Mid-Continent also issued the Centerline entities the following excess liability policies:

a. 04 XS 137856, policy period 12/8/04 - 9/8/05

b. 04 XS 140631, policy period 9/8/05 - 9/8/06

c. 04 XS 145904, policy period 9/8/06 - 9/8/07

17.     ISOP issued the Centerline entities the following excess liability policy: 105-3242, policy period 10/6/05 - 9/8/06.

## The Subcontractor Insurance Policies

18.     One or more of the Centerline entities is a named or additional insured under the insurance policies of certain drywall subcontractors that allegedly supplied and/or installed Chinese Drywall in the claimants' homes.

19.     Those subcontractors and the related insurance policies consist of:

Ocean Coast Drywall, Inc.:

| Insurance Company | Policy Number | Period |
|---|---|---|
| Interstate Fire & Casualty Company | CLP6273524 | 1/10/05 – 1/10/06 |

United Framers, Inc.:

| Insurance Company | Policy Number | Period |
|---|---|---|
| Mid-Continent Casualty Company | 04GL000656133 | 8/21/06 – 8/21/07 |
| Amerisure Insurance Company | GL204115101 | 11/27/07 – 11/27/08 |

## Notice and Failure to Provide Coverage

20.     The Centerline entities timely provided notice under the Insurance Policies and the Subcontractor Insurance Policies.

21.     The Centerline entities have satisfied all conditions precedent and obligations under the Insurance Policies and the Subcontractor Insurance Policies; alternatively, any further efforts to satisfy conditions precedent would be futile.

22.    The Centerline entities have paid substantial sums for the policies, constituting all premiums due thereunder.

23.    The Insurance Companies and the Subcontractor Insurance Companies have either denied coverage, repudiated their obligation to provide coverage, or otherwise failed to timely acknowledge their coverage and defense obligations.

**COUNT I**
**<u>DECLARATORY JUDGMENT</u>**

24.    The Centerline entities repeat and reallege paragraphs 1 through 23 above as if fully set forth herein.

25.    Under the terms of the Insurance Policies and Subcontractor Insurance Policies, the Defendants are obligated to defend and indemnify the Centerline entities in connection with the Underlying Claims.

26.    The Centerline entities have demanded that Defendants perform their contractual obligations under the policies, but they have repudiated their contractual obligations.

27.    A justiciable controversy exists as to the insurance coverage the policies provide.

28.    Accordingly, pursuant to 28 U.S.C. § 2201, the Centerline entities are entitled to a judgment declaring that the Defendants are obligated to defend and indemnify the Centerline entities connection with the Underlying Claims.

**COUNT II**
**<u>BREACH OF CONTRACT</u>**

29.    The Centerline entities repeat and reallege paragraphs 1 through 23 above as if fully set forth herein.

30.    The Defendants breached the policies by failing to acknowledge coverage for the Underlying Claims and by failing to defend the Centerline entities in Chinese drywall litigation.

31.    As a result, the Centerline entities have suffered damages in an amount to be determined at trial.


## DEMAND FOR JURY TRIAL

The Centerline entities hereby demand a trial by jury as to all issues so triable.


## PRAYER FOR RELIEF

WHEREFORE, the Centerline entities demand:

A.    Judgment in the Plaintiffs' favor on Count I, declaring that the Defendants are obligated to defend and indemnify the Centerline entities in connection with the Underlying Claims;

B.    Judgment in the Plaintiffs' favor on Count II, awarding the Plaintiffs damages in an amount to be determined at trial;

C.    Pre- and post-judgment interest;

D.    Attorney's fees;

E.    Costs; and

F.    Any and all such further relief as this Court deems just and proper.

DATED: January 26, 2010

Respectfully submitted,

By: ___/s/ Peter R. Goldman_____
    PETER R. GOLDMAN
    Florida Bar No. 860565
    VANESSA M. SERRANO
    Florida Bar No. 51555
    BROAD AND CASSEL
    100 S.E. Third Ave., Ste. 2700
    Fort Lauderdale, FL 33394
    Ph:   (954) 764-7060
    Fax: (954) 761-8135
    pgoldman@broadandcassel.com
    vserrano@broadandcassel.com

    *Counsel for Plaintiffs*